RICHMOND (BINGHAM v.). See Case No. 1,415.

RICHMOND, The (DEXTER v.). See Case No. 3,865.

## Case No. 11,799.

### RICHMOND v. DREYFOUS.

[1 Sumn. 131.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1831.

ATTACHMENT—INHABITANT OF DISTRICT—GARNISHMENT.

Under the judiciary act of 1789, c. 20, § 11 [1 Stat. 78], no foreign attachment can be maintained against the principal defendant, unless he is an inhabitant of the district, where the suit is brought, or he is found within it at the time of the service of the process. A service upon trustees or garnishees within the district is not sufficient to found a judgment against the principal.

[Cited in Day v. Newark India-Rubber Manuf'g Co., Case No. 3,685; Myers v. Dorr, Id. 9,988; Schollenberger v. Forty-Five Foreign Ins. Cos., Id. 12,475a.]

This was an action of trover [by Franklin Richmond against Simeon Dreyfous]. The only service of the writ was made by serving Hymen A. Hart of Philadelphia, who was, at the time of the service, in Newport in Rhode Island, and Alfred Pratt and Joseph A. Carr, both of Providence, with copies of the same, according to the supposed provisions of the statute of Rhode Island, regulating foreign attachments, for the purpose of attaching the property of the principal defendant, Simeon Dreyfous of Philadelphia, in their hands. The affidavit of Hart, duly sworn to, was produced, and the other two garnishees were present in court, ready to make a like affidavit, if required so to do. But the defendant, Dreyfous, interposed a plea to the jurisdiction of the court, setting forth, that at the time of the pretended service of the writ, he was a citizen of another state and district, and not a citizen of the state or district of Rhode Island, nor found within the same; and, therefore, that there was no legal service of the

[1] [Reported by Charles Sumner, Esq.]

writ, according to the laws of the United States. The facts stated in the plea were admitted to be true.

STORY, Circuit Justice. The court are of opinion, that the facts stated in the plea, although not drawn up with technical propriety and exactness, constitute substantially a good defence in abatement of the suit. The judiciary act of 1789 (chapter 20, § 11) declares, that "no civil suit shall be brought before either of said courts (of the United States) against an inhabitant of the United States, by any original process in any other district than that, whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." The present is a writ of foreign attachment or garnishment, in which the principal defendant, Dreyfous, is admitted to be an inhabitant of Philadelphia, in Pennsylvania; and he was not found, nor has any process been served upon him, in the district of Rhode Island; but the only service has been on his supposed trustees or garnishees. The case, therefore, falls directly within the statute; and as there can be no judgment against the principal defendant, there can be none against his supposed trustees or garnishees. The suit must therefore be abated. Judgment accordingly.